IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LARRY HARVEY, WALTER BENNETT CAMERON THRALL and JON NOLAN | ) ) ) | |
| Plaintiffs, | ) ) | Case No.   20 C 0134 |
| v. | ) ) ) | Judge Robert W. Gettleman |
| LIFE SPINE, INC., | ) ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiffs Larry Harvey, Walter Bennett, Cameron Thrall, and Jon Nolan have brought a two count amended complaint against their former employer, defendant Life Spine Inc., alleging retaliatory discharge under both 31 U.S.C. § 3730(h) and Illinois state common law. Defendant has moved to transfer venue to the Southern District of New York, or in the alternative, for payment of costs and fees. Defendant has also moved for judgement on the pleadings on Count II with respect to all plaintiffs, and on both counts with respect to plaintiff Jon Nolan. For the reasons set forth below, defendant's motion to transfer venue is denied in its entirety. Defendant's motion for judgement on the pleadings is granted on both issues.

## BACKGROUND

Plaintiffs Larry Harvey, Walter Bennett, Cameron Thrall, and Jon Nolan are former employees of Defendant Life Spine Inc. Plaintiff Harvey, a New Mexico resident, was terminated from his position as a sales representative on January 11, 2017. Plaintiff Bennett, a Virginia resident, was terminated from his position as an Area Vice President of Sales on December 23, 2018. Plaintiff Thrall, a Washington state resident, was terminated from his position as a Regional Manager in late 2017. Plaintiff Nolan, an Ohio resident, was terminated on July 14, 2017.

Defendant produces and sells medical devices used in spine surgery. Defendant markets and sells its products nationally; its corporate headquarters are within the Northern District of Illinois in Huntley, Illinois.

All plaintiffs were terminated shortly after complaining or expressing concerns about defendant's consulting program. On February 14, 2018, plaintiffs brought a qui tam action against defendant in the U.S. District Court for the Southern District of New York, alleging that defendant used payments to surgeons to induce sales of its products, in violation of 42 U.S.C. §§ 13320a-7b(b), as well as unlawful retaliation under 31 U.S.C. §3730(h). The action also alleged numerous state law violations.

Plaintiff Nolan was a part of the original litigation as a relator, but he did not assert any retaliation claims for himself at the time. The United States intervened in the action on July 25, 2019. Defendant eventually settled with the government, and all parties entered into a Stipulation and Order of Settlement and Dismissal (the "settlement agreement"). The settlement agreement released defendant from all claims except those "asserted in the Relator Complaint alleging unlawful retaliation pursuant to 31 U.S.C. § 3730(h)."

The settlement agreement thus resolved only the qui tam portion of the claim, and preserved plaintiffs'§ 3730(h) retaliation claims. In the New York litigation, after the settlement agreement, the district court denied plaintiffs' request for more time to be ready for trial. On November 20, 2019, plaintiffs dismissed the action in the New York district court and later brought the current action in this court. Plaintiff Nolan has brought both state and federal claims for retaliation in the action in this court that he did not originally bring in the relator complaint.

## DISCUSSION

2

**Transfer:**

Defendant has moved to transfer venue to the U.S. District Court for the Southern District of New York, or in the alternative, for costs and fees. A civil action may be transferred "to any other district or division where it might have been brought. . ." 28 U.S.C. § 1404 (a). The Seventh Circuit has held that "[d]istrict courts have broad discretion to grant or deny a motion to transfer under §1404 (a)." Heller Fin., Inc. v. Midwhey Powder Co. Inc., 883 F.2d 1286, 1293 (7th Cir. 1989). In determining if transfer is appropriate, a district court considers whether, "(1) venue is proper in both the transferor court and the transferee court; (2) the transferee district is more convenient for the parties and witnesses; and (3) transfer would serve the interests of justice." Body Science LLC v. Boston Scientific Corp., 846 F.Supp.2d 980, 991 (N.D. Ill. 2012). The movant—in this case, defendant—has the burden of establishing "that the transferee forum is clearly more convenient." Coffey v. Van Dorn Iron Works, 796 F.2d 217, 220 (7th Cir. 1986).

Defendant's argument relies on the interests of justice factor. When this litigation was in New York, plaintiffs failed to meet certain deadlines imposed by the district court judge, and petitioned unsuccessfully for more time to be ready for trial prior to dismissing the case. Defendant therefore argues that plaintiffs' decision to bring the action in this court demonstrates judge shopping, and that discouraging this conduct is key to advancing the interests of justice. Defendant further argues that the interests of justice favor transfer because the New York court is more familiar with the litigation.

District courts have recognized that discouraging forum and judge shopping is an important objective. Williams v. Bowman, 157 F.Supp.2d 1103, 1106 (N.D. Cal. 2001) ("If there is any indication that plaintiff's choice of forum is the result of forum shopping, plaintiff's choice

will be afforded little deference."); Kempton v. Life for Relief & Development Inc., 2019 WL 5188750 (D. Ariz. 2019) ("[A] plaintiff's choice of forum is entitled to minimal deference if the plaintiff chose the forum to escape an unfavorable ruling in a different court."). The procedural history of this case, however, does not prove the allegation of judge shopping nearly as conclusively as defendant argues.

Plaintiffs have identified numerous reasons to bring the litigation in this court. For example, one of the claims is based on Illinois common law. More importantly, defendant is headquartered within this district, meaning that important evidence and many likely witnesses are much more conveniently accessible in this court than in New York. Defendant argues that because no plaintiffs are Illinois residents, their choice of an Illinois forum should be given less deference. This is unpersuasive because none of the plaintiffs are residents of New York, either. Because each plaintiff is from a different state (New Mexico, Virginia, Washington, and Ohio), no forum would prevent significant travel for all plaintiffs. Keeping the litigation in the forum where at least defendant is based is logical and efficient. It is also worth noting that—after plaintiffs' prior struggles with the New York District Court's rigid deadlines—defendant clearly has a strategic reason to want the litigation returned to New York. Plaintiffs' decision to file here was no more judge shopping than defendant's transfer motion appears to be.

Defendant also argues that New York court has a stronger connection to the litigation. The court is skeptical of this characterization because the retaliation claims preserved by the settlement agreement were not litigated in the New York District Court. That court's familiarity with the case dealt with the issues that were ultimately settled. That background is not significant enough to tip the balance in favor of transfer under the interests of justice factor.

Defendant has not—and frankly could not have—argued that the convenience of any parties or witnesses favors transfer.

Defendant has not met its burden to establish that the balance of factors favors a transfer. Therefore, the motion to transfer is denied. Defendant moves, in the alternative, for payment of costs and fees incurred during the New York litigation under Rule 41(d)(1). The Seventh Circuit has held that a district court's discretionary authority to award costs in these cases is meant to prevent forum shopping. Esposito v. Piatrowski, 223 F.3d 497, 501 (7th Cir. 2000). As discussed previously, the court is not convinced that plaintiffs are judge shopping. Further, plaintiffs dismissed their retaliation claims in the New York court before any substantial litigation on them took place, or any great cost was incurred. Therefore, defendant's alternative motion is denied as well.

**Judgement on the pleadings:**

Defendant has also moved for judgement on the pleadings with respect to all plaintiffs on Count II, the Illinois common law claim, and with respect to plaintiff Nolan on both counts. A party is permitted under Federal Rule of Civil Procedure 12(c) to move for judgment on the pleadings after the parties have filed the complaint and the answer. Fed.R.Civ.P. 12(c); Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend, 163 F.3d 449, 452 (7th Cir.1998). A court may rule on a motion for judgment on the pleadings under Rule 12(c) based upon a review of the pleadings alone, which include the complaint, the answer, and any written instruments attached as exhibits. Id. at 452–53. A motion for judgment on the pleadings under Rule 12(c) "is governed by the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6)." Adams v. City of Indianapolis, 742 F.3d 720, 727-728 (7th Cir. 2014). This standard requires the

plaintiff to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Defendant asserts the release in the settlement agreement as an affirmative defense. Paragraph nine of the settlement agreement—in which plaintiffs are referred to as "the Relators"—includes the release and its exception:

> "Conditioned on Life Spine's timely payment of the full Settlement Amount pursuant to Paragraph 3 above, the Relators, for themselves and their heirs, successors, attorneys, agents, and assigns, release Life Spine, including its subsidiaries and corporate predecessors, successors and assigns, as well as all of their current and former officers, directors, employees, attorneys, and other agents, except for Butler, from any and all manner of claims, proceedings, liens, and causes of action of any kind or description that the Relators have against Life Spine related to or arising out from the Relator Complaint; provided, however, that nothing in this Stipulation shall preclude the Relators from seeking to recover their reasonable expenses and attorneys' fees and costs pursuant to 31 U.S.C. § 3730(d) or seeking relief for the claims asserted in the Relator Complaint alleging unlawful retaliation pursuant to 31 U.S.C. § 3730(h)."

Plaintiffs contend that the language of the settlement agreement preserves the Illinois state law claims for all plaintiffs, as well as plaintiff Nolan's state and federal retaliation claims. Plaintiffs argue that the state common law claim is preserved by the settlement because it is made "pursuant to" § 3730 (h). The statute provides that "[a]ny employee, contractor, or agent shall be entitled to all relief necessary," and in a second subsection, lists specific relief available, including "reinstatement with the same seniority status that employee, contractor, or agent would have had but for the discrimination, 2 times the amount of back pay, interest on the back pay, and compensation for any special damages sustained as a result of the discrimination." 31 U.S.C. § 3730 (h) (1, 2). Plaintiffs argue that subsection (2) is not exhaustive, because subsection (1) provides that "all relief necessary" shall be available. Further, the Seventh Circuit has held that state law claims for retaliatory discharge are not barred by §3730 (h). Brandon v. Anesthesia &

6

Pain Management Associates Ltd., 277 F.3d 936, 945 (7th Cir. 2002).

Even if plaintiffs have correctly asserted that §3730 (h) allows for a simultaneous state law claim, the state law claim was not preserved by paragraph nine of the settlement agreement. Plaintiffs argue that, because related state law claims can properly be pursued alongside claims under the federal statute, those state law claims are "pursuant to" the statute. Plaintiffs are wrong. Numerous state law claims were included in the original qui tam complaint. The parties clearly contemplated the possibility of state law claims related to this same conduct. If plaintiffs intended to preserve any of those claims, they should have explicitly done so when the settlement agreement was drafted.

Plaintiffs' argument that Nolan's claims are preserved is similar. Specifically, they point to the phrasing that releases defendant from claims plaintiffs "have" (as opposed to claims they "have or might have had"), and argue that since plaintiff Nolan had not asserted his claims for retaliation in the original relator complaint, his claims are not covered by the release at all. This interpretation is similarly unconvincing. All the events giving rise to plaintiff Nolan's retaliation claims took place well before the settlement agreement, and he clearly knew about them; it would be inaccurate to characterize these as claims he did not have. Because the exception in paragraph nine is limited to claims asserted in the Relator Complaint, none of plaintiff Nolan's retaliation claims are preserved.

## CONCLUSION

Defendant has not met its burden to establish that the Southern District of New York is a more convenient form, and therefore its motion to transfer venue is denied. Defendant's motion in the alternative, for costs and fees, is also denied.

Plaintiffs' Illinois state law claims, and both of plaintiff Nolan's retaliation claims are precluded by the settlement agreement. Therefore, defendant's motion for judgement on the pleadings is granted.

This leaves the § 3730(h) retaliation claims of plaintiffs Harvey, Bennett, and Thrall as the only claims remaining in this action. The remaining parties are directed to file a joint status report using this court's form on or before September 4, 2020. The status hearing set for August 27, 2020, is cancelled. The court will set a status hearing after receipt of the joint status report.

**ENTER: August 14, 2020**

*[signature: Robert W. Gettleman]*

**Robert W. Gettleman**
**United States District Judge**